# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| WILLIAM C. BOSSART and § | |
| MARILYNN BOSSART, § | |
|    Debtors/Appellants, § | |
| § | **CIVIL ACTION NO. H-08-0463** |
| v. § | (Bankruptcy Adversary No. 06-3540) |
| § | |
| KENNETH R. HAVIS, Trustee, § | |
|    Appellee. § | |

## **MEMORANDUM AND ORDER**

This bankruptcy appeal is before the Court on Appellants' Motion for Stay Pending Appeal [Doc. # 3], to which the Appellee filed an Objection [Doc. # 4], and Appellants filed a Response to the Objection [Doc. # 5]. Having reviewed the record and applied governing legal authorities, the Court grants the Motion for Stay Pending Appeal but will impose an expedited briefing schedule in order to decide the appeal promptly.

Appellants/Debtors William C. Bossart and Marilynn Bossart purchased an annuity from AIG SunAmerica Life Assurance Company ("AIG") two days before they filed a voluntary Chapter 7 bankruptcy petition. Kenneth Havis, Bankruptcy Trustee ("Trustee"), filed an adversary proceeding against AIG to recover the "annuity premium" as a fraudulent transfer under 11 U.S.C. § 548. AIG filed an answer to the adversary complaint and a "counterclaim in interpleader." United States Bankruptcy

Judge Jeff Bohm entered an Agreed Order allowing AIG to deposit into the Court Registry the "accumulated cash value" of the annuity and to be dismissed thereafter from the adversary proceeding. Debtors intervened in the adversary proceeding as defendants. The parties filed cross-motions for summary judgment, which were denied. After trial, Judge Bohm issued a Memorandum Opinion and Order ruling in favor of the Trustee and awarding him the full amount in the Court Registry. The amount in the Court Registry exceeded the amount of the annuity premium and accrued interest by approximately $16,000.00. Appellants/Debtors filed a Notice of Appeal. Their Motion for Stay Pending Appeal filed in the bankruptcy court was denied and they refiled the motion in this Court.

A stay pending appeal is extraordinary relief and should be entered only when four conditions are met: (1) the movant establishes a likelihood of success on the merits; (2) the movant would suffer irreparable injury if a stay is not granted; (3) a showing that the stay would not substantially harm the other party; and (4) a demonstration that the stay would serve the public interest. *See In re First South Savings Assoc.*, 820 F.2d 700, 704 (5th Cir. 1987). "While each part must be met, the appellant need not always show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor

of granting the stay." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438-39 (5th Cir. 2001), *reh'g en banc denied*, 288 F.3d 234 (5th Cir. 2002).

In this case, Appellants identify a number of issues on appeal. Although the Court cannot find a likelihood of success on most of those issues, Appellants present a potentially valid argument regarding the Bankruptcy Court's decision to award the Trustee the full amount deposited in the Court Registry, including the increased value of the annuity in excess of the premium amount plus accrued interest. Appellants will suffer prejudice if the stay is denied and the Trustee distributes the funds at issue, and the Trustee will suffer prejudice if the stay is granted because distribution will be delayed. The Court finds, however, that the prejudice to the Trustee is minimal and can be reduced by considering this appeal on an expedited basis. The public interest favors having legal matters decided on the merits. Accordingly, having considered the relevant factors, it is hereby

**ORDERED** that Appellants' Motion for Stay Pending Appeal [Doc. # 3] is **GRANTED**. It is further

**ORDERED** that the appeal will proceed on an expedited basis subject to the following briefing schedule:

    Appellants' Brief                    March 17, 2008

| | |
|---|---|
| Appellee's Brief | March 28, 2008 |
| Appellants' Reply Brief | April 4, 2008 |

<u>No extensions of the briefing schedule will be granted</u>.  Appellants shall deliver to the Court's chambers a courtesy copy of the designated bankruptcy court record, and counsel shall deliver a courtesy copy of their briefs.

SIGNED at Houston, Texas this **6th** day of **March, 2008**.

_____
Nancy F. Atlas
United States District Judge